

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,332-01

### EX PARTE FRANCISCO JAVIER ARREGUIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1038660-B IN THE 178TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of a state jail felony possession of a controlled substance, namely cocaine, weighing less than one gram and sentenced to 60 days' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises three grounds; actual innocence, ineffective assistance due to erroneous immigration advice resulting in an involuntary plea , and a claim that *Padilla v. Kentucky*, 559 U.S. 356 (2010) should apply retroactively in Texas in light of the criminal procedures in place. The trial court has determined that trial counsel has acted deficiently, that Applicant can avail himself of the

*Padilla* holdings which outline the immigration admonishments required for a guilty plea, and that Applicant has demonstrated that his conviction was improperly obtained.

However, based on the Court's review of the record, this Court finds that Applicant has presented no newly discovered evidence to support his claim of actual innocence and has failed to show that his trial counsel acted deficiently. *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006); *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court and this Court have rejected arguments that *Padilla* is retroactive. *Chaidez v. U.S.*, 133 S.Ct. 1103 (2012); *Ex parte De Los Reyes*, 392 S. W.3d 675 (Tex. Crim. App. 2013). Applicant's conviction occurred four years before the *Padilla* holding, so it does not apply. Further, Applicant waited over fourteen years before presenting this claim to the trial court and there is nothing in the record to explain or excuse that delay. This Court finds that Applicant is barred from obtaining relief under the doctrine of laches. *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). We deny relief.

Delivered: August 19, 2020
Do not publish